# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN B. FELDER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:14-cv-0077-TWP-MJD |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) ) |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by John B. Felder ("Mr. Felder") challenging a prison disciplinary proceeding identified as No. IYC 12-11-0202 (Filing No. 1). For the reasons explained in this Entry, Mr. Felder's Petition must be **DENIED**.

## I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. THE DISCIPLINARY PROCEEDING

On November 24, 2012, Correctional Officer T. Fulford wrote a Report of Conduct that charged Mr. Felder with class B offense 213, Threatening. The Report of Conduct states:

> On November 24, 2012 at approximately 9:15 pm I, Officer T. Fulford, while conducting Formal Count in the F-Unit Bed Area was approached by Offender Felder, John (DOC# 906416, F1-7L) with questions regarding the ice scooper that is used in F-Unit. Offender Felder claimed that their ice scooper had been removed from the unit by another Officer and that they did not have one to use. I informed Offender Felder that there are four ice scoopers total for South Dorm and that I would fix the problem once I was done with my count and had a chance to further look into the situation. Offender Felder proceeded to shout to me as I was walking away that Officer Louzon, who was counting with me, was the Officer who took their scooper and I replied to him that "I do not care who has the scooper, the problem will be solved after count is cleared." As I kept walking to conduct my count, he continued to yell. I then clearly saw and heard Offender Felder angrily shout "You better care because if you come back into the unit you will get the shit slapped out of you." Officer Louzon and I proceeded to finish our count and after it had cleared Offender Felder was then brought to the Sergeant's Office and Offender Felder was counseled by the Sergeant. Offender Felder was then escorted by walk staff to HSU for evaluation and then to Segregation per the Shift Supervisor.

Filing No. 13, at ECF 1.

On November 26, 2012, Mr. Felder was notified of the charge of class B offense 213, Threatening, when he was served with the conduct report and the notice of disciplinary hearing (screening report). Mr. Felder was notified of his rights and pled not guilty. He requested three offenders as witnesses. As to physical evidence, Mr. Felder requested a video review of the F Unit bed from 9:10 p.m. to 9:20 p.m. to show where the officer was, and the F unit day room from 8:00 p.m. to 8:30 p.m. to show who took the scoop. A note on the Screening Report indicates that Mr. Felder's three witnesses would testify that they "did not hear Off. Felder make a threat."

A witness statement from Officer Louzon stated the following:

> On 11-24-12 at 12:00am I Officer B. Louzon was counting F-Unit with Officer T. Fulford when we came across F1-7L which was Offender Felder, John D.O.C. # 906416. Offender J. Felder asked Officer T. Fulford about their ice scoop and

2

> Officer T. Fulford replied that we were taking care of it and that he didn't need to worry about it. Offender J. Felder then started to talk back to Officer T. Fulford and I then did clearly see and hear Offender J. Felder state that Officer T. Fulford was "going to get the shit slapped out of him". We then wrote down his bunk, finished counting and came back and escorted him to the Sergeant's office after count was clear.

Filing No. 13, at ECF 3.

The statement on the Evidence/Video Review Form, completed by Officer C. Feldkamp ("the Hearing Officer"), was as follows:

> On 12/02/2012 at approximately 9:00 a.m. I reviewed video for case number #IYC-12-11-0202. As per the request for evidence concerning the case in question there is no video that I can review that would support offender Felder[sic] claim or identify/prove the statement made on the conduct report due to the exact location of the incident and the position of the camera's [sic] for that area or the exact date of the incident.

Filing No. 13, at ECF 4.

The Evidence/Video Review Form also noted that no audio was available and that the Hearing Officer determined Mr. Felder would not be permitted to view the video evidence because it "would in fact jeopardize the safety and security of the facility".

On December 3, 2012, the Hearing Officer conducted a disciplinary hearing in IYC 12-11-0202. Mr. Felder's statement was "It was all about the ice scoop." (Filing No. 13, at ECF 5.) The Hearing Officer found Mr. Felder guilty of class B offense 213, Threatening. In making this determination, the Hearing Officer considered Mr. Felder's statement and staff reports. The Hearing Officer imposed sanctions consisting of an earned credit time deprivation of 30 days and a demotion from credit class 1 to credit class 2, which was suspended. The Hearing Officer imposed these sanctions because of the likelihood of the sanctions having a corrective effect on Mr. Felder's future behavior.

Mr. Felder appealed to the Facility Head on December 12, 2012. He argued that 1) all

conduct reports against him were not sworn under oath, in violation of the Indiana Department of Correction's ("IDOC") Adult Disciplinary Procedures Policy; 2) he did not receive meaningful assistance from his lay advocate; 3) his requested evidence was not presented at the hearing; 4) he did not receive the required one hour of exercise while in segregation; and 5) he was denied the exculpatory video evidence he requested even though the hearing was held nine days after the incident, which would have provided ample time for viewing the video evidence. The Facility Head denied the appeal on January 16, 2013. Mr. Felder appealed to the Final Reviewing Authority on January 29, 2013, and asserted that: 1) the requested video evidence was not presented at the hearing; 2) Officer Feldkamp's statement could not be true; 3) Officer Louzon's statement could not be true; 4) he was not allowed to request all the witnesses he wanted at screening; and 5) the fact that the video did not have sound does not make it non-exculpatory. That appeal was denied on February 12, 2013.

Mr. Felder now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. ANALYSIS

In his petition, Mr. Felder asserts the following claims: 1) the requested video tape evidence was not presented at the hearing and not viewed within the required 24-hour time frame; 2) the narrative of the video tape review was not conclusive, the video reviewed was not of the date of the alleged incident, and it was viewed after the disciplinary hearing; 3) Officer Louzon's statement indicated that the incident occurred three hours after the time noted on the conduct report; 4) the screening officer limited the number of witnesses Mr. Felder could call; 5) the Hearing Officer should have given more weight to the statements from Mr. Felder's witnesses because they were in close proximity to him; 6) the Hearing Officer showed racial bias when she

stated during the course of the hearing that these are "two young white officers;" and 7) there was not a preponderance of the evidence showing his guilt.

The Respondent first argues that only Mr. Felder's first ground was raised in his appeal to the Facility Head and, therefore, the other grounds are procedurally defaulted. It is true that a habeas claim is procedurally defaulted if it is not asserted in the administrative appeals. *See Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); 28 U.S.C. § 2254(b)(1)(A). Mr. Felder has not responded to this contention. Mr. Felder has presented different claims at each stage of his appeal and habeas review. Giving the habeas petition and Mr. Felder's disciplinary appeals a liberal reading, the Court finds that claims 1, 2, 3, and 4 were considered on appeal at the prison. The Court shall consider only these claims on the merits.

Mr. Felder's first two claims concern the fact that he was not allowed to view the video evidence that he requested at screening.[1] On December 2, 2012, the day before the hearing,[2] the Hearing Officer reviewed video for Mr. Felder's case, but determined that the video did not support either the charge or Mr. Felder's defense. The video also did not have audio, so it would not have been possible to hear what Mr. Felder said or did not say. The evidence was therefore not exculpatory. In addition, the Hearing Officer explained that allowing Mr. Felder to view the video evidence himself would jeopardize the safety and security of the prison.

Denying Mr. Felder's request to view the video evidence did not violate his due process rights. A prisoner has a limited right to present witnesses and evidence in his defense, consistent

---

[1] Mr. Felder's claim that the video was not viewed within a 24-hour time frame is apparently based on his belief that this violated IDOC policy. Relief for this claim is not available in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

[2] Mr. Felder's claim that the video was viewed after the disciplinary hearing is meritless.

with correctional goals and safety. *Wolff,* 418 U.S. at 566; *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) (prisoners' right to present evidence is qualified…they "do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."). A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The record shows that none of the video evidence was exculpatory. The decision to not disclose the video recording to Mr. Felder based on security and safety concerns did not violate his due process rights.

Mr. Felder's third claim challenges the accuracy of Officer Louzon's witness statement because of what Mr. Felder describes is a three hour difference in the times reported in that statement and on the Report of Conduct. On the witness statement, Officer Louzon reported that the conversation with Mr. Felder about the ice scoop occurred on November 24, 2012, at 12:00 a.m. In the Report of Conduct, Officer Fulford reported that he spoke with Mr. Felder on November 24, 2012, at 9:15 p.m. In essence, Mr. Felder asks the Court to reweigh the evidence and find Officer Louzon's witness statement not credible based on this minor discrepancy. This the Court cannot do. *Hill,* 472 U.S. at 455 (in ascertaining whether the 'some evidence' standard has been met, courts are not required to examine the entire record, independently assess witness credibility, or weigh the evidence); *Meeks,* 81 F.3d at, 719 (same).

The "some evidence" evidentiary standard in this type of case is much more lenient than

"beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The Report of Conduct and other staff reports, and Mr. Felder's statements were considered by the Hearing Officer, and such evidence constituted sufficient evidence to find Mr. Felder guilty of the charge. The lenient standard of "some" evidence was satisfied in this case.

Mr. Felder's final claim is that his due process rights were violated when he was limited to only three witnesses. Mr. Felder's "right to present evidence is qualified – prison officials may exclude evidence from an inmate's hearing to ensure institutional safety or correctional goals." *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002). "Moreover, prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Id*. Mr. Felder has not identified additional witnesses nor asserted what different testimony they might have provided. Additional witnesses who would say the same thing, that they did not hear Mr. Felder make a threat, were properly denied. Mr. Felder has identified no due process violation under these circumstances.

Mr. Felder was given notice and had an opportunity to defend the charge. The Hearing Officer provided a written statement of the reasons for her finding and described the evidence that she considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Felder's due process rights.

## IV. **CONCLUSION**

"The touchstone of due process is protection of the individual against arbitrary action of

the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Felder's petition for a writ of habeas corpus (Filing No. 1) must be **DENIED** and the action **DISMISSED**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 10/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John B. Felder, #906416
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana 46168

Frances Hale Barrow
INDIANA ATTORNEY GENERAL'S OFFICE
frances.barrow@atg.in.gov